UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JOSHUA PICKERING, | Case No. 2:22-cv-00282-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CHRISTINA R. IRVING, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Joshua Pickering ("Plaintiff") filed this action (ECF No. 1) alleging a violation of his Eight Amendment rights under 42 U.S.C. § 1983 against defendant Christina Irving ("Defendant") on February 21, 2022. Before the Court is Defendant's motion for summary judgment. ECF No. 27. For the reasons below, Defendant's motion is denied.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JOSHUA PICKERING, | Case No. 2:22-cv-00282-MK |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CHRISTINA R. IRVING, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Joshua Pickering ("Plaintiff") filed this action (ECF No. 1) alleging a violation of his Eight Amendment rights under 42 U.S.C. § 1983 against defendant Christina Irving ("Defendant") on February 21, 2022. Before the Court is Defendant's motion for summary judgment. ECF No. 27. For the reasons below, Defendant's motion is denied.

## BACKGROUND

This action arises out of an alleged incident that occurred while Plaintiff was an inmate at Two Rivers Correctional Institution. On May 23, 2020, Plaintiff was seriously injured when he was assaulted by members of a prison gang. Compl. ¶ 1, ECF No. 1. Plaintiff alleges that the assault was a result of the deliberate indifference and malice of Defendant, a sergeant employed by the Oregon Department of Corrections ("ODOC") at the time Plaintiff was incarcerated. According to Plaintiff's Complaint, Defendant informed three inmates that Plaintiff was "suicidal," a "drop-out," and a "P.C. case," meaning he had sought "protective custody." Compl. ¶ 1. In prison gang culture, a "P.C. case" is synonymous with a "snitch." *Id.* Plaintiff alleges that Defendant's actions violated his rights secured by the Eight Amendment by exposing him to serious threats of violence at the hands of other inmates through deliberate indifference and malice. *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the

absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Defendant argues that she entitled to summary judgment because Plaintiff offers no direct evidence of malice or deliberate indifference. Defendant argues, essentially, that because Plaintiff's evidence of Defendant's conduct is currently in a form that would be inadmissible hearsay, there is no genuine issue of material fact for trial and summary judgment is appropriate.

In the Ninth Circuit, a court may consider evidence on a motion for summary judgment that, while not necessarily admissible in their submitted form, "could later be provided in an admissible form at trial." *J & J Realty Holdings v. Great Am. E & S Ins. Co.*, 839 F. App'x 62, 65 (9th Cir. 2020) (citing *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016); *see also Criminal Prods., Inc. v. Behaki*, No. 17-00157-SI, 2018 WL 2875892, at *2 (D. Or. June 11, 2018) ("When evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence"); *Kimmons v. First Transit, Inc.*, No. 3:21-cv-00768-SB at *104 (D. Or. Sep. 8, 2023) (holding same).

Here, Plaintiff has presented evidence that Defendant told inmates that he was a "P.C. case, a drop out and suicidal." Pl.'s Response at 4, ECF No. 32. While Plaintiff was not present for this exchange and learned of it from fellow inmate Ruben Guererro, Plaintiff intends to call

Mr. Guererro at trial to testify regarding Defendant's statements, which would then be admissible as a statement of a party opponent under FRE 801(d). Plaintiff has properly presented evidence to create a genuine issue of material fact in this case.

On Reply, Defendant argues that the Ninth Circuit opinion in *Jones v. Williams*, 791 F.3d 1023 (9th Cir. 2015) is controlling and compels summary judgment in this case. ECF No. 33. At issue in *Jones* was a claimant's use of unsworn statements by nonparties to survive a motion for summary judgment. In granting the defendants' motion for summary judgment, the Ninth Circuit cited *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) for the proposition that "it was an abuse of discretion for the district court, at the summary judgment stage, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge." *Jones*, 791 F.3d at 1032. The issues in this case are significantly different. Here, Plaintiff has not submitted unsworn affidavits but rather has explained his intent to call a witness at trial to testify regarding the statement of a party opponent. Plaintiff has thus met the standard set forth in the more recent Ninth Circuit case of *J & J Realty Holdings*. 839 F. App'x at 65. Because Plaintiff has presented evidence to create a genuine issue of material fact, Defendant's motion for summary judgment is denied.

## CONCLUSION

For the reasons above, Defendants' motion for summary judgment (ECF No. 19) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of October 2023.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge